By the Court.
The motion lastly entitled is a-type of several motions which have been filed recently to dismiss petitions in error in cases on the general docket. In all the cases on the general docket, in the court of first resort an accused person had been convicted of an offense against *129 the state and the judgment in favor of the state had been reversed by an intermediate reviewing court. In the group of cases represented by the motion lastly entitled the prosecuting attorney, without obtaining leave of this court for that purpose, filed a petition in error here for the reversal of the judgment of reversal rendered by. the intermediate court. All the motions are prompted by the view that in such cases a petition in error cannot be filed here except upon leave. Whether that view is correct or not is the only question presented.
The view that leave is required was properly overruled by this court in State v. Hervey, 59 Ohio St., 218, where a motion for leave to file was stricken from the files because it was not necessary. In that case first consideration was given to Section 7306a, Revised Statutes. It is said that a different conclusion is now required because on February 28, 1906 (98' Ohio Laws, 33), the general assembly repealed that section and by amendment substituted for it what is now Section 13764, General Code. The very obvious purpose of the amendment was to provide for proceedings in error in such cases in regular course from the trial court to “the next higher court,” the section having previously authorized only a proceeding in error to this court from a judgment of reversal rendered by the circuit court. Our attention is called to the substitution of the phrase “error may be prosecuted to review such judgment” for the phrase “the attorney representing the state may take proceedings in error.” But these appear to *130 be equivalent phrases, and no reason is given why the change should be regarded as favoring the view that leave is to be required. It seems that the view taken in State v. Hervey is applicable to the present statute as well as to that which was there considered. The motions are

Overruled.

Davis, C. J., Spear, Shauck, Johnson, Donahue and O’Hara, JJ., concur.